```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
EDWARD AKENS,

                    Plaintiff,              08-CV-6201T
v.

MICHAEL J. ASTRUE,                           DECISION
Commissioner of Social Security,             and ORDER

                    Defendant.
_____
```

## INTRODUCTION

Plaintiff, Edward Akens ("Akens") filed this action pursuant to the Social Security Act, codified at 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits ("Disability"), and Supplemental Security Insurance ("SSI"). On November 20, 2008, both the Commissioner and plaintiff moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

For the reasons that follow, this Court finds that the Commissioner's decision is supported by substantial evidence. Accordingly, plaintiff's motion for judgment on the pleadings is denied and defendant's motion for judgment on the pleadings is granted.

## BACKGROUND

Plaintiff is a 55 year old man with a high school education. (Tr. 130) He filed an application for Disability on November 5, 2003 alleging that he had been disabled since October 9, 2002

because of depression. (Tr. 114-116) His application was denied initially on February 5, 2004 (Tr. 75-78) Plaintiff requested a hearing which was held on March 14, 2006 at which plaintiff appeared before an Administrative Law Judge ("ALJ") and was represented by counsel and a vocational expert appeared and testified. (Tr. 375-399) By decision dated June 20, 2006, the ALJ found plaintiff was not disabled. (Tr. 66-76) The Appeals Council remanded the case on November 24, 2006 directing the ALJ: (1) to give further consideration to the treating source opinion pursuant to . . . 20 C.F.R. 404.1527 and SS Rulings 96-2p and 96-5p and explain the weight given to such opinion evidence." (Tr. 42); (2) to specifically evaluate the intensity, persistence and limiting effects of the alleged symptoms by considering objective medical evidence, medical opinions, prior work record, precipitating and aggravating factors, the type, dosage, effectiveness and side effects of medications, treatment other than medications and other measures used to relieve symptoms.; (3) to evaluate the severity of the depression pursuant to 20 C.F.R. § 404.1520a and criteria B of the regulations; and (4) to make a function-by-function assessment of plaintiffs ability to do work-related mental activities. In a detailed decision dated April 26, 2007, the ALJ responded to the issues outlined in the Appeals Council order. (Tr. 41-42)

A supplemental hearing was held on March 6, 2007 at which plaintiff appeared and testified as well as a vocational expert. By Decision dated April 26, 2007, the ALJ again denied plaintiff's claim. (Tr. 17-25) The decision of the ALJ became final when the Appeals Council denied review on April 10, 2008. (Tr. 8-11) Plaintiff commenced this action on May 5, 2008 claiming that he was disabled by depression for the closed period from October 2, 2002 until June 1, 2004.

A.  Medical Background

Akens began experiencing anxiety attacks in the 1990s following his sister's death. (Tr. 326) In October, 2002, plaintiff stopped working after he had a mental breakdown at work. Akens testified that he "flew off the handle" over an issue with the Dean of Students at the school where he worked. This led to his breaking down in his boss' office and his leaving work. (Tr. 383)

The medical notes of Dr. William Platzer, plaintiff's primary care physician, in January, 2002, report that plaintiff was prescribed BuSpar and Effexor to treat depression, lack of ambition and troubles at his job. (Tr. 195) At this time, Akens refused counseling. In August, 2002 Dr. William Platzer again examined plaintiff noting his long history of depression, anxiety and temper problems. Dr. Platzer reported that plaintiff had difficulty taking orders at work as well as poor sleep habits. Dr. Platzer diagnosed

depression and anxiety, prescribed Effexor and Xanax, and recommended that plaintiff see a psychiatrist. (Tr. 190)

In October, 2002, plaintiff began treatment with Dr. Maryanne Hamilton, a psychologist. Dr. Hamilton found Akens to suffer from "severe depression, anger with aggressive thoughts in the face of minor frustrations, extreme irritability at home, emotional overreaction at work, severe sleep disruption, difficulty motivating himself to do anything, attention problems and difficulty concentrating." (Tr. 326) Dr. Hamilton treated plaintiff with weekly counseling sessions for a "fairly long term history of emotional and behavioral instability." (Tr. 332) Dr. Hamilton diagnosed plaintiff with "moderate recurrent major depression" and alcohol dependency in full remission. (Tr. 327) Akens continued treatment with Dr. Hamilton between October 2002 and June 2004. (Tr. 326-357) In December, 2002, Dr. Hamilton noted that plaintiff "was unable to work until further notice." (Tr. 337)

Dr. Hamilton referred plaintiff to Dr. Ellis Levy, a psychiatrist, in October 2002. (Tr. 323, 353) Dr. Levy noted that plaintiff had experienced poor sleep, poor concentration, inability to perform at work, ideas of reference (the feeling that casual incidents and external events have a particular and unusual meaning that is specific to the person) and constant anger. (Tr. 323) Dr. Leve diagnosed major depressive disorder complicated by severe anxiety symptoms. He noted that Akens had a partial response to

Effexor and he prescribed Zyprexa. (Tr. 323)  In December, 2002, Dr. Levy changed the prescription from Zyprexa to Seroquel and added Trazadore to improve sleep. (Tr. 324)

In March, 2003, Dr. Hamilton reported that plaintiff's condition was stabilizing in regard to medications and his mood was improving. (Tr. 346)  In May, 2003, Dr. Hamilton saw that plaintiff was becoming "more focused" and he was thinking of ways to make money.  Dr. Hamilton reduced his sessions from weekly to bi-weekly. (Tr. 349)  By June, 2003, Akens was seen by Dr. Hamilton as "more engaged" with focused thinking and able to problem solve. (Tr. 350)

In December. 2003, Christine Ransom, Ph.D. conducted an independent medical examination at the request of the Social Security Administration. (Tr. 204-207)  Dr. Ransom noted that plaintiff suffered from "moderate" major depressive disorder. (Tr. 207)  She found that Akens' memory was moderately impaired but that he could follow and understand simple directions, perform simple rote tasks, maintain attention and concentration for simple tasks and consistently perform simple tasks and learn simple new tasks. (Tr. 207)  Dr. Ransom qualified her opinion by stating that Akens would have moderate difficulty performing complex tasks independently, relating adequately with others and appropriately dealing with stress. (Tr. 207)

In January, 2004, Akens began treatment with psychiatrist Dr. Rahman and others at Clifton Springs Hospital and Clinic. (Tr. 227) Plaintiff presented with symptoms of depression since 2000. (Tr. 227) Akens was referred to Dr. Mayeed Rahman for ongoing treatment. (Tr. 236) Medical notes of April 8, 2004 records plaintiff's statement that he felt better and that he was taking classes to work at a casino and his mood and affect were "bright". (Tr. 238) Dr. Wahman conducted the mental status exam, which revealed full orientation, intact memory, euthymic mood and appropriate affect. (Tr. 238-239)

Plaintiff was examined by Dr. Marion Graff, a state agency psychologist, on January 28, 2004. Dr. Graff found that plaintiff was moderately limited in his abilities to understand, remember and carry out detailed instructions, complete a normal workday and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods and to accept instructions and respond appropriately to criticism from supervisors. (Tr. 208, 209) Dr. Graff found plaintiff to have moderate difficulties in maintaining social functioning and moderate difficulties in maintaining concentration, persistence or pace. (Tr. 222) Dr. Graff opined that plaintiff was able to return to his past relevant work. (Tr. 210)

B.  Non-Medical Background

Akens is 54 years old with a high school education and some college classes. (Tr. 114, 130, 379)  He worked for Sodexho Corporation for 25 years as a housekeeping manger, assistant director of facilities and director of facilities. (Tr. 135, 380) He supervised employees, arranged schedules, ordered supplies and trained employees. (Tr. 127)  Plaintiff stopped working for Sodexho on October 9, 2002 following what he described as a "mental breakdown." (Tr. 382) Akens testified that he stopped work due to a feeling of "being conspired against and a lack of ability to concentrate." (Tr. 383)  His breakdown occurred in his boss' office following an altercation with the Dean of Students at the college in which he worked. (Tr. 383)

In June, 2004, Akens began work as a dealer at the Turning Stone Casino.  (Tr. 386)  From February 2005 to the present he worked at a car dealership as a salesman and most recently as financial manager. (Tr. 169, 389, 403, 404)  At the time of his application for disability, plaintiff noted that he was able to perform household tasks such as cleaning, laundry, some repairs, ironing and mowing the lawn. (Tr. 146)

Jay Steinbrenner, a vocational expert, testified that the ALJ's hypothetical individual with symptoms similar to plaintiff could not perform any of plaintiff's past relevant work. (Tr. 393,

394, 410) However, Mr. Steinbrenner testified that plaintiff could work as a housekeeper and as a janitor. (Tr. 394, 410, 411)

DISCUSSION

Pursuant to 42 U.S.C.§ 405(g), the factual findings of the Commissioner are conclusive when they are supported by substantial evidence. <u>Rivera v. Harris</u>, 623 F.2d 212, 216 (2d Cir. 1980). A disability is defined as

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual's physical or mental impairment is not disabling under the Act unless it is:

> of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.

42 U.S.C. §§ 423(d)(2)(A), 1383(a)(3)(B). <u>Berry v. Schweiker</u>, 675 F.2d 464, 467 (2d Cir. 1982).

In evaluating disability claims, the Commissioner is required to use the five step process promulgated in 20 C.F.R. §§ 404.1520 and 416.920. First, the Commissioner must determine whether the claimant is engaged in any substantial gainful activity. Second, if the claimant is not so engaged, the Commissioner must determine

whether the claimant has a "severe impairment" which significantly limits his ability to work. Third, if the claimant does suffer such an impairment, the Commissioner must determine whether it corresponds with one of the conditions presumed to be a disability by the Social Security Commission. If it does, then no further inquiry is made as to age, education or experience and the claimant is presumed to be disabled. If the impairment is not the equivalent of a condition on the list, the fourth inquiry is whether the claimant is nevertheless able to perform his past work. If he is not, the fifth and final inquiry is whether the claimant can perform any other work. The burden of proving the first four elements is on the claimant, while the burden of proving the fifth element is on the Commissioner. Bush v. Shalala, 94 F.3d 40, 44-45 (2d Cir. 1996).

Here, the ALJ followed the five step procedure denying benefits at step two. In his decision dated August 25, 2003, the ALJ found that plaintiff (1) had not engaged in substantial gainful activity during the period at issue, October 9, 2002 through June 1, 2004; (2) suffered from depression which was severe; (3) did not have an impairment that meets or equals one of the listed impairments listed in Appendix 1, subpart P, Regulation No. 4; and (4) had the residual functional capacity to perform work at all exertional levels with the non-exertional limitations of low stress, defined as occasional changes in the work setting and

occasional interaction with the general public and co-workers. (Tr. 16-20)

Plaintiff argues that the ALJ (1) failed to provide any rationale for the residual functional capacity findings; (2) failed to give controlling weight to the opinions of the treating physicians; (3) failed to offer an appropriate hypothetical to the vocational expert regarding plaintiff's mental functioning; and (4) failed to give good reasons to discount plaintiff's credibility.

The ALJ determined that plaintiff could perform work at all exertional levels with the non-exertional limitations of low stress and only occasional interaction with the general public and co-workers. (Tr. 20) Plaintiff contends that the ALJ should have also found plaintiff limited in his ability to understand, remember and carry out instructions.

I find that the ALJ determination is consistent with and supported by the medical records. The medical records of plaintiff's own treating physicians support the ALJ's finding regarding plaintiff's residual functional capacity. Dr. Hamilton's medical records reflect that by March and April of 2003, plaintiff was more focused and by September showed good concentration. Dr. Hamilton consistently reported that plaintiff was improving with medication and she noted that he was increasingly calm, more focused and was looking for a job. (Tr. 346-350) These observations were also noted in other treating source reports. Dr.

Levy, plaintiff's psychiatrist, confirmed that plaintiff responded well to medication adjustments. (Tr. 324, 350, 386) Dr. Rahman also noted that plaintiff's depressive symptoms remained in remission in early 2004. (Tr. 243) At that time, plaintiff's behavior, speech, thought process and content, intelligence, insight, judgment and attention span were all within normal limits. (Tr. 243) Finally, the consulting examiner, Dr. Ransom, also concluded that plaintiff could follow and understand simple directions and instructions, perform simple tasks and maintain attention and concentration. (Tr. 204-207)

Akens also argues that the ALJ failed to give controlling weight to the opinion of his treating physician that he was unable to work. Although Dr. Hamilton did conclude that plaintiff was unable to work, this opinion is not entitled to controlling weight. The medical opinion of a treating source is given "controlling weight" as long as it is "well supported by medically acceptable clinical and laboratory diagnostic techniques" and is not inconsistent with other substantial evidence contained in the record. 20 C.F.R. § 404.1527(d)(2). However, a treating source statement that a person is unable to work is not controlling because that opinion is reserved to the Commissioner. 20 C.F.R. § 404.1527(e); SSRx96-5p, 96-8p; <u>Snell v. Apfel</u>, 177 F.3d 128, 133 (2d Cir. 1999).

Dr. Hamilton's medical notes did not support her conclusion that plaintiff could not work. On the contrary, Dr. Hamilton's and other physician records describe a patient who progressively improved from October, 2002, the onset date of the alleged disability, through Spring of 2003. By May, 2003 Dr. Hamilton reduced the frequency of the counseling sessions noting that Akens was "more engaged, focused and thinking about other jobs." (Tr. 350) She also specifically states that plaintiff was able to "problem solve." (Tr. 350) The ALJ did not afford controlling weight to Dr. Hamilton's conclusion that plaintiff could not work because the totality of the medical evidence supported the ALJ's conclusion that plaintiff was not disabled and had the RFC to perform other work existing in the national economy. Therefore, the hypothetical posited to the vocational expert at the hearing properly considered the medical evidence of plaintiff's limitations in making his opinion.

Finally, the ALJ properly evaluated plaintiff's subjective complaints of pain in determining his ability to work. A claimant's statements alone as to pain are not conclusive evidence of disability. 20 C.F.R. § 404.1529(a). Rather, plaintiff's claims must be supported by clinical signs, established by medically acceptable clinical or laboratory diagnostic techniques which show the existence of a medically determined impairment that could reasonably be expected to produce the pain alleged. 20 C.F.R.

§404.1529(b)  Here, the totality of the evidence does not corroborate plaintiff's allegations of his inability to work. Plaintiff testified that he went out once or twice a day, that he was able to drive and travel alone, that he could care for himself, clean, do laundry, make household repairs and mow the lawn. (Tr. 143-147)  Indeed, plaintiff confirmed that his depression had no effect on his physical functioning. (Tr. 148)  A treatment note from the Clifton Springs Hospital and Clinic dated April 29, 2004 indicated that he was in good spirits, calm and pleasantly interactive, that he does not feel the need for anger management group therapy since he was in control of his emotions, and that he had received a certificate to be a bidder at a casino and was scheduled for a job interview the following week.  (Tr. 23)

## CONCLUSION

I find substantial evidence in the record to support the ALJ's conclusion that plaintiff is not disabled within the meaning of the Social Security Act.  Accordingly, the decision of the Commissioner denying plaintiff's disability claim is affirmed, the plaintiff's motion for summary judgment is denied, the defendant's motion for judgment on the pleadings is granted and the complaint is dismissed.

ALL OF THE ABOVE IS SO ORDERED.

                S/Michael A. Telesca
                _____
                  MICHAEL A. TELESCA
                  United States District Judge

DATED:   Rochester, New York
          June 8, 2009